UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNAH MARIE GIDORA,

                          Plaintiff,

         v.

HOWMEDICA OSTEONICS
CORPORATION, d/b/a STRYKER
ORTHOPAEDICS; STRYKER
CORPORATION; and STRYKER SALE
CORPORATION,

                          Defendants.

No. 16-CV-5774 (KMK)

OPINION AND ORDER

Appearances:

Ashley Andrews-Santillo, Esq.
Adnan Munawar, Esq.
Munawar & Andrews-Santillo LLP
420 Lexington Avenue
New York, NY
*Counsel for Plaintiff*

Gene M. Williams, Esq.
Nicholas Neil Deutsch, Esq.
Shook, Hardy & Bacon, LLP
600 Travis, Suite 3400
Houston, TX
*Counsel for Defendant*

Paul Edward Asfendis, Esq.
Kim M. Catullo, Esq.
Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

Plaintiff Annah Marie Gidora ("Plaintiff") initiated this Action on July 20, 2016, against Howmedica Osteonics Corporation, d/b/a Stryker Orthopaedics ("HOC" or "Defendant"), Stryker Corporation, and Stryker Sale Corporation (collectively, "Defendants"). (*See* Compl. (Dkt. No. 1).) Plaintiff brings product liability, failure to warn, breach of warranty, and negligence claims, as well as a claim for violation of the New York Deceptive Trade Practices Act, N.Y. Gen. Bus. Law §§ 349 et seq., based on the alleged failure of Plaintiff's hip replacement device that was designed and manufactured by Defendants. (*See generally* Am. Compl. (Dkt. No. 9).)

Before the Court is Defendant HOC's Motion To Preclude Experts and for Summary Judgment (the "Motion").[1] (*See* Def.'s Not. of Mot. To Preclude Experts and for Summ. J. ("Def.'s Mot.") (Dkt. No. 52); Def.'s Mem. of Law in Supp. of Mot. To Preclude Experts and for Summ. J. ("Def.'s Mem.") (Dkt. No. 54).) HOC argues that because Plaintiff has failed to timely disclose expert witnesses and failed to meet several other discovery deadlines, Plaintiff should be precluded from introducing expert testimony. (*See* Def.'s Mem. 1, 6–9.) Further, because Plaintiff's claims require demonstrating a defect in a complex medical device, which requires the testimony of an expert witness, HOC argues it is entitled to summary judgment on all Plaintiff's claims. (*See* Def.'s Mem. 10–12.) For the following reasons, HOC's Motion is denied.

---

[1] To date, HOC is the only Defendant that has been served in this Action. (*See* Def.'s Mem. 1 n.1.)

I. Background

A. Factual Background

The following facts are drawn from the Amended Complaint, and from HOC's Motion and supporting papers. (*See* Am. Compl.; Def.'s Mem.; Def.'s Local Rule 56.1 Statement of Undisputed Facts ("Def.'s 56.1") (Dkt. No. 53); Def.'s Decl. in Supp. of Mot. To Preclude Experts and for Summ. J. ("Def.'s Decl.") (Dkt. No. 55).)[2]

1. Plaintiff's Claims

Plaintiff underwent a total hip replacement surgery on January 30, 2014. (Def.'s 56.1 ¶ 2.) As part of her surgery, Plaintiff was implanted with the "MDM X3 Modular Dual Mobility Mobile Bearing Hip System" (the "Device"), which is allegedly designed, manufactured, marketed, promoted, and sold by Defendants. (*Id.* ¶ 2; Am. Compl. ¶¶ 1, 19.) Plaintiff alleges that an unspecified component of her prosthetic hip system loosened and that she had to undergo revision surgery to correct the issue on October 26, 2015. (Def.s 56.1 ¶ 3; Am. Compl. ¶¶ 25, 26.) Plaintiff asserts several causes of action against Defendants, alleging defects in the design, manufacture, and warnings of the Device, as well as breaches of implied and express warranties and deceptive trade practices, and seeks to recover under negligence and strict liability theories. (Def.'s 56.1 ¶¶ 4–5.) All Plaintiff's claims are based on the premise that the Device was defective and thus not safe and effective for its intended use. (*Id.*)

---

[2] Because Plaintiff failed to submit a response to Defendant's Rule 56.1 Statement of Undisputed Facts, all facts asserted therein are deemed admitted. *See Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) ("If the opposing party . . . fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule." (quotation marks omitted)); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (same). Plaintiff also did not include a statement of facts in her Opposition, and made no argument with respect to HOC's characterization of the facts leading up to this Motion.

2. Discovery Failures

The Court initially set a fact discovery deadline of February 28, 2018, and a deadline of March 31, 2018 to serve expert disclosures. (Def.'s Mem. 3.) By October 5, 2017, HOC had served Plaintiff with its Initial Disclosures, as well as interrogatories and document requests. (*Id.*; Def.'s Decl. Ex. B ("Def.'s Initial Disclosures").) On November 21, 2017, after Plaintiff failed to timely provide discovery responses or move for a deadline extension, HOC requested a pre-motion conference in anticipation of filing a motion to dismiss based on Plaintiff's failure to meet discovery deadlines. (Def.'s Mem. 3–4.) At the pre-motion conference on January 16, 2018, the Court ordered Plaintiff to serve complete responses to discovery and extended Plaintiff's deadlines for expert disclosure until April 30, 2018, and for fact discovery until May 31, 2018. (Def.'s Mem. 4.) The Court stated that no further extensions would be permitted. (*Id.*; Dkt. (minute entry for Jan. 16, 2018).)

Plaintiff failed to serve expert disclosures by the April 30, 2018 deadline. (Def.'s 56.1 ¶ 7.) During a May 1, 2018 conference before Magistrate Judge Paul Davison ("Judge Davison"), Plaintiff's counsel affirmed that his office had not yet retained an expert, and "agreed with [Judge] Davison that experts are required to support Plaintiff's claims in this type of case." (Def.'s Mem. 4.) Later that day, HOC requested a pre-motion conference in anticipation of filing a motion for summary judgment based on Plaintiff's failure to disclose any expert or expert reports. (*Id.*) Plaintiff did not respond to HOC's pre-motion letter, but instead, on May 11, 2018, served a purported expert disclosure on HOC. (*Id.*; Def.'s 56.1 ¶ 8; Def.'s Decl. Ex. C ("Expert Disclosure").) The disclosure was drafted by Plaintiff's counsel, rather than by Plaintiff's expert, and attached the expert's resume and qualifications. (Def.'s Mem. 4; Def.'s 56.1 ¶ 8; *see also* Expert Disclosure.) The disclosure was not signed by the expert and did not

comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) for expert witness disclosures, which requires a written report prepared and signed by the expert witness. (Def.'s Mem. 4–5; Def.'s 56.1 ¶ 8.) *See* Fed. R. Civ. P. 26(a)(2)(B).

On May 14, 2018, HOC requested a pre-motion conference to address the deficient expert disclosure. (Dkt. No. 47.) On May 17, 2018, an attorney for Plaintiff filed a response asserting that Plaintiff's expert had been unable to prepare a report because he "was not in possession of documents and information pertaining to the product at issue," because HOC had failed to file initial disclosures, and requesting sanctions against HOC for this alleged failure. (Def.'s Mem. 5; Dkt. No. 48.) HOC filed a letter the next day explaining that initial disclosures were served on Plaintiff on October 2, 2017, and that HOC had also mailed a courtesy copy of the disclosures on December 13, 2017 at the request of Plaintiff's counsel. (Dkt. No. 49.)

To date, Plaintiff has not requested any of the documents HOC identified in its disclosures, and has served no discovery requests on HOC. (Def.'s Mem. 5.)

B. Procedural Background

Plaintiff filed the original Complaint on July 20, 2016, (*see* Compl.), and filed an Amended Complaint on October 12, 2016 before any Defendant had answered, (*see* Am. Compl.). Defendant HOC filed an Answer on November 11, 2016. (*See* Dkt. No. 11.)[3] At a conference on June 27, 2018, after Plaintiff's repeated failures to meet discovery deadlines, the Court set a briefing schedule for Defendant's Motion for Summary Judgment. (*See* Dkt. No. 51.) Defendant filed its Motion on July 27, 2018. (*See* Def.'s Mot.; Def.'s Mem.; Def.'s 56.1; Def.'s Decl.) Plaintiff requested an extension to file her Opposition, (*see* Dkt. No. 56), which the Court

---

[3] HOC contends that it is the only Defendant that has been served in this Action, and no affidavits of service appear on the docket. (*See* Def.'s Mem. 1 n.1.)

granted, giving Plaintiff until September 27, 2018, (*see* Dkt. No. 58). Plaintiff failed to file an Opposition by this date, and after repeated phone calls to Plaintiff from the Court over a number of weeks went unreturned, the Court issued an Order deeming the Motion fully submitted on November 8, 2018. (*See* Dkt. No. 59.) The next day, Plaintiff's counsel filed a belated Opposition, along with a letter claiming that the Opposition was timely filed but did not appear on ECF due to an e-filing error. (*See* Pl.'s Opp'n to Def.'s Mot. To Preclude Experts and for Summ. J. ("Pl.'s Mem.") (Dkt. No. 60); Pl.'s Mem. Ex. 1 (Letter from Marisa L. Axelrad, Esq., to Court (Nov. 8, 2018) ("Nov. 8 Axelrad Letter")).) On November 12, 2018, HOC filed a letter asking the Court to reject Plaintiff's belated filing. (*See* Dkt. No. 61.) The Court memo endorsed the letter saying that Plaintiff's Opposition would be considered, and directing Defendants to file a Reply by November 28, 2018. (*See* Dkt. No. 62.) The Court also memo endorsed Plaintiff's Opposition directing Plaintiff's counsel to file a Notice of Appearance in order to have its submission considered, (*see* Dkt. No. 63), which was filed on November 14, 2018, (*see* Dkt. No. 64). HOC filed a Reply on November 28, 2018. (Def.'s Reply in Further Supp. of Mot. To Preclude Experts and for Summ. J. ("Def.'s Reply") (Dkt. No. 65).)

## II. Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The district court has wide discretion in punishing failure to conform to the rules of discovery." *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988) (citation omitted). "Although preclusion of

6

evidence is among the sanctions which may be imposed for violation of a party's discovery obligations, it is not mandated in every case." *Fuller v. Summit Treestands, LLC*, No. 07-CV-330, 2009 WL 483188, at *3 (W.D.N.Y. Feb. 25, 2009). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley*, 837 F.2d at 591. In *Outley*, the Second Circuit identified four factors courts must consider in determining whether preclusion of evidence or a witness is appropriate where a party has failed to meet discovery deadlines: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley*, 837 F.2d at 590–91). "[A]lthough preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citations and quotation marks omitted).

Where a claim raises complex issues requiring expert testimony to establish a fundamental element of the claim, summary judgment is appropriate if a plaintiff fails to produce a qualified expert or the plaintiff has been precluded from calling his or her proffered expert. *See Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006) ("[B]ecause there was no competent evidence excluding [the defendant's] proffered causes" of the plaintiffs' injury after their expert was excluded, "there were no genuine issues of material fact for a jury on this claim."), *aff'd*, 552 U.S. 312 (2008); *see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 271 (2d

Cir. 2002) ("In the absence of any expert evidence as to general causation and a gap in [the] plaintiffs' case with respect to [the plaintiff's only non-excluded expert's testimony], defendant was entitled to summary judgment because of plaintiffs' failure to present any admissible evidence in support of their theory of causation."); *Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 92 (2d Cir. 2000) (finding "summary judgment was properly granted" where the plaintiff's expert was excluded and the plaintiff therefore "has no evidence in the record to support his [design defect] theory"); *Walters v. Howmedica Osteonics Corp.*, 676 F. Supp. 2d 44, 53 (D. Conn. 2009) (granting summary judgment in favor of the defendants where the plaintiff was precluded from calling any experts due to noncompliance with discovery rules, because the plaintiff cannot "set forth specific facts showing there is a genuine issue for trial" (quotation marks omitted)).

B.  Analysis

1.  Preclusion of Expert Witness

In her Opposition, Plaintiff makes no attempt to justify her repeated failures to comply with discovery deadlines.  Instead, Plaintiff argues only that she will be "substantially prejudice[d]" by preclusion of expert testimony, and "implore[s] the Court" not to grant summary judgment on procedural grounds, rather than consider the merits of Plaintiff's claim. (Pl.'s Mem. 3.)[4]  Throughout this case, Plaintiff's counsel has repeatedly missed deadlines and conferences.  Although the case was initiated two and a half years ago, Plaintiff's counsel has not yet served discovery requests on HOC.  (Def.'s Mem. 5.)  Furthermore, to date Plaintiff's counsel has made no attempt to belatedly introduce an expert witness or sought leave to file

---

[4] Because Plaintiff's counsel neglected to include page numbers in Plaintiff's Opposition, the Court cites to the ECF-generated page numbers at the upper right corner of each page.

expert disclosures that conform with Rule 26. Therefore, the first *Outley* factor, "the party's explanation for the failure to comply with the discovery order," *Softel*, 118 F.3d at 961, clearly cuts in favor of preclusion.

However, despite Plaintiff's unjustified and repeated non-compliance with the Court's deadlines and orders, the second *Outley* factor, "the importance of the testimony of the precluded witness," *id.*, weighs in favor of denying HOC's Motion. HOC concedes that "there is no question that expert testimony is critical to a medical device product liability action," and moves for summary judgment, should Plaintiff's expert witness be precluded, on that very basis. (Def.'s Mem. 7.) As discussed below, the Court agrees that an expert witness is required for Plaintiff to prove at least some elements of her claims, and preclusion would therefore be a particularly "drastic remedy." *Outley*, 837 F.2d at 590.

The third *Outley* factor, "the prejudice suffered by the opposing party," *Softel*, 118 F.3d at 961, does not weigh very heavily in either direction. HOC will suffer no prejudice beyond mere delay if its Motion is denied, because it has not yet responded to or relied on any expert disclosures by Plaintiff.

Finally, the fourth *Outley* factor requires the Court to consider the appropriateness of granting a continuance, rather than defaulting to the harsh remedy of dismissal. *See Outley*, 837 F.2d at 591 ("Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses."); *see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) ("Considerations of fair play may dictate that courts eschew the harshest sanctions provided by Rule 37 where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence." (citation omitted)).

9

Although Plaintiff's counsel's failures to comply with Court deadlines are unjustified, the Court finds that a continuance to conduct expert discovery, rather than preclusion of Plaintiff's ability to call an expert, is the appropriate remedy at this stage, with the understanding that *any* further failure to comply with the Court's orders *will* result in dismissal of this Action with prejudice. Given the critical importance of expert testimony to Plaintiff's claims, the limited prejudice to HOC by allowing Plaintiff additional time to retain an expert weighs in favor of a continuance, rather than preclusion. *See Raymond v. Mid-Bronx Haulage Corp.*, No. 15-CV-5803, 2017 WL 1251137, at *10 (S.D.N.Y. Mar. 31, 2017) (finding preclusion of evidence "unwarranted" given "the availability of a brief and limited continuance" and the fact that the evidence at issue was "critically important" (citing *Bastys v. Rothschild*, 154 F. App'x. 260, 263 (2d Cir. 2005)); *Engler v. MTD Prods., Inc.*, 304 F.R.D. 349, 358 (N.D.N.Y. 2015) (granting continuance to allow limited additional expert discovery rather than excluding expert witness where the plaintiffs did "not explain their failure to provide in a timely manner [their expert's] opinion," but "that expert opinion . . . would be significant to [the] plaintiffs' case, as it would go to the heart of their manufacturing defect claim" (alterations, citation, and quotation marks omitted)). Defendant's Motion to preclude Plaintiff from calling experts is therefore denied without prejudice.

   2. Summary Judgment

Because Defendant's Motion to preclude Plaintiff's expert is denied, Defendant's Motion for Summary Judgment for failure to provide an expert witness is necessarily denied. However, the Court notes that it is clear Plaintiff will need an expert witness to prove at least some elements of her claims. *See Morritt v. Stryker Corp.*, No. 07-CV-2319, 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011) ("The requirement under New York law that an expert provide

evidence of a feasible, alternative design is well-settled." (citation omitted)); *Maxwell v. Howmedica Osteonics Corp.*, 713 F. Supp. 2d 84, 91 (N.D.N.Y. 2010) ("Generally, under New York law, a plaintiff seeking to establish a design defect is required to provide expert testimony as to the feasibility and efficacy of alternative designs . . . unless a reasonable alternative design is both obvious to and understandable by a layperson . . . ." (citation omitted)); *Fernandez v. Cent. Mine Equip. Co.*, 670 F. Supp. 2d 178, 188 (E.D.N.Y. 2009) (granting summary judgment on the plaintiff's strict liability and negligence products liability claims where the plaintiff's expert was precluded from testifying and the plaintiff therefore could not "demonstrate evidence of a defect in the design of the product at issue"); *Guarascio v. Drake Assocs. Inc.*, 582 F. Supp. 2d 459, 463 (S.D.N.Y. 2008) ("New York courts uniformly rule that competent, non-conclusory expert testimony is needed in cases involving more complex design issues."); *Tuosto v. Philip Morris USA Inc.*, No. 05-CV-9384, 2007 WL 2398507, at *12 (S.D.N.Y. Aug. 21, 2007) ("In order to advance the existence of a feasible alternative in an improper design case, an expert is required to ascertain feasibility, to test alternative designs, and to address the engineering factors and tradeoffs that go into the design of a product for distribution in the marketplace." (citation and quotation marks omitted)).

Plaintiff argues that an expert is not necessary to prove any of her claims because both defect and causation can be established through circumstantial evidence. (Pl.'s Mem. 1–2.) However, the caselaw on which Plaintiff relies does not support this conclusion. Plaintiff cites *State Farm Fire & Casualty Company v. Nutone, Inc.*, No. 05-CV-4817, 2010 WL 3154853, at *7 (E.D.N.Y. Aug. 9, 2010), *aff'd*, 426 F. App'x 8 (2d Cir. 2011), and *Jarvis v. Ford Motor Company*, 283 F.3d 33, 44 (2d Cir. 2002), in support of her argument that she need not call an expert witness to prove a defect because a defect can be inferred from circumstantial evidence.

11

(Pl.'s Mem. 2.) However, in *State Farm Fire*, which involved a defective bathroom ceiling fan that caught fire, the plaintiff in fact provided testimony from, among others, "a fire marshal . . . and private consultant regarding origin and cause investigations of fires," a "certified fire investigator and private consultant," "an electrical engineer and consultant" who testified regarding the absence of other possible causes of the fire and alternative feasible fan designs that would have prevented the fire, and "a metallurgist" who testified about the mechanical "series of events [that] led to the fire." 2010 WL 3154853, at *3–5. Far from proving its case without any expert witnesses, the plaintiff in *State Farm Fire* relied on several. In *Jarvis*, the court explained that the plaintiffs need not identify and prove a particular defect, noting that "it is sufficient if the cumulation of circumstances and inferences supports the conclusion that there was a defect." 283 F.3d at 45 (citation and quotation marks omitted). However, the court did *not* hold that the plaintiffs need not provide expert testimony to *establish* that "cumulation of circumstances and inferences," merely that the defect could be proven circumstantially. Indeed, the plaintiffs in *Jarvis* "presented an expert who offered a theory to explain" the cause of the car malfunction at issue in the case, "and who proposed an inexpensive remedy for this problem." *Id.* at 43.

The cases Plaintiff relies on for her argument that she does not need an expert to prove causation are similarly inapposite. (*See* Pl.'s Mem. 3.) In both *Ruggiero v. Warner-Lambert Company*, 424 F.3d 249 (2d Cir. 2005) and *Amorgianos*, 303 F.3d 256, the Second Circuit affirmed dismissal of products liability actions based on preclusion of the plaintiffs' expert witnesses on general causation. *See Ruggiero*, 424 F.3d at 251–52; *see also Amorgianos*, 303 F.3d at 268 ("[T]o establish their case under New York law, [the] plaintiffs . . . must offer admissible expert testimony regarding both general causation . . . and specific causation."

(citations omitted)). Plaintiff thus points to no case that holds an expert witness is not necessary in a products liability case involving a complex medical device.

### III. Conclusion

For the foregoing reasons, Defendant's Motion To Preclude Experts and for Summary Judgment is denied. However, if Plaintiff does not provide expert disclosures that conform with Rule 26(a)(2) within 30 days of this Order, HOC may renew its Motion, and Plaintiff's claims *will* be dismissed with prejudice. Absolutely no extensions will be granted. Additionally, although the Court finds that "[Plaintiff's] discovery failures do not warrant an order of preclusion" at this time, "they do justify the imposition of fee shifting" with respect to the fees and costs incurred in filing this Motion. *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 262 (W.D.N.Y. 2013); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) ("Even where preclusion is not ordered under Rule 37, it is generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and/or in seeking discovery sanctions." (citation omitted)); *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 188 (E.D.N.Y. 2005) ("Under Rule 37(b)(2), the imposition of reasonable expenses is mandatory, unless the record establishes either that the failure to obey the Court order was substantially justified or that other circumstances make an award of expenses unjust." (citation and quotation marks omitted)). Plaintiff's counsel is therefore ordered to pay HOC's attorneys' fees and costs associated with the filing of this Motion.

The Clerk of the Court is respectfully requested to terminate the pending motion. (Dkt. No. 52.) HOC should submit a calculation of attorneys' fees and costs within 14 days of this Order.

SO ORDERED.

Dated: March 12, 2019
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE